IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD EUGENE SIMMONS, | § | |
| TDCJ-ID NO.1201659, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1219 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Institutional Division, | § | |
|     Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Richard Eugene Simmons, an inmate incarcerated in the Texas Department of Criminal Justice – Institutional Division ("TDCJ-ID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2003 state court felony conviction. The Court will dismiss the petition because it is barred by the governing statute of limitations.

I.   PROCEDURAL HISTORY

On October 31, 2003, upon a plea of guilty, petitioner was convicted of assault of a public servant in cause number 951878 in the 180th Criminal District Court of Harris County, Texas, and sentenced to four years confinement in TDCJ-ID. Petitioner did not file a motion for new trial or a notice of appeal from his assault conviction. (Docket Entry No.1). Thus, under Rule 26.2(a)(1) of the Texas Rules of Appellate Procedure, petitioner's's conviction became final for purposes of federal habeas corpus review thirty days after the day his sentence was imposed, on or about November 30, 2004. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner filed a state application for a writ of habeas corpus in the 180th Criminal District Court on April 13, 2004, which the Texas Court of Criminal Appeals denied on June 30, 2004.

(Docket Entry No.4).  Petitioner filed the pending federal petition for a writ of habeas corpus in the on March 20, 2005.[1]  (Docket Entry No.1).  Therefore, petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  *Lindh v. Murphy*, 521 U.S. 320 (1997).  Petitioner seeks relief on the following grounds:

1. The state indictment was invalid and defective;

2. He was illegally arrested without a warrant and without probable cause;

3. He was denied the effective assistance of counsel; and,

4. His plea was involuntary because his trial counsel was ineffective.

(Docket Entry No.1).

II. <u>ONE-YEAR STATUTE OF LIMITATIONS</u>

Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed,

---

[1] The district clerk actually recorded the petition as filed on April 11, 2004, but petitioner indicates that he mailed the petition on March 20, 2005.  For statute of limitations purposes, the Court treats the date a *pro se* prisoner deposits a federal petition in the mail as the filing date.  *Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

      if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320). Because petitioner's federal petition was filed well after that date, the one-year limitations period applies to his claims. *Flanagan*, 154 F.3d at 198.

  Although the statute of limitations is an affirmative defense, the courts are authorized to raise such defenses *sua sponte* in habeas actions. *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999). Under the provisions of the AEDPA, petitioner's one-year limitation period began on November 30, 2003, the last day petitioner could have filed a notice of appeal in state court. That date triggered the one-year limitations period which expired on November 30, 2004.

  Petitioner's state habeas application was pending before the Texas Court of Criminal Appeals from April 13, 2004, until June 30, 2004, at which time the Texas Court of Criminal Appeals denied relief. A properly filed state writ application tolls the limitations period while the claim or judgment

is pending in state court. 28 U.S.C. § 2244(d)(2); *Villegas v. Johnson*, 184 F.3d 467, 473 (5th Cir. 1999) (concluding petition filed in accordance with state's procedural filing requirements tolls one-year limitations period during pendency of petition). Petitioner's state application was pending before the Texas Court of Criminal Appeals for approximately seventy-eight days; thus tolling the limitations period for filing the federal application until mid-February of 2005. Petitioner filed the pending federal habeas action on March 20, 2005, a month after the expiration of the limitations period. Therefore, his federal habeas petition is untimely and subject to dismissal.

Petitioner has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. *See* 28 U.S.C. § 2244(d)(1)(C), (D).

Accordingly, the Court finds that petitioner's federal petition is barred by the AEDPA's one-year limitation period and, therefore, this action is DISMISSED.

### III.     CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the

other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth in this Opinion on Dismissal, the Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable. Therefore a certificate of appealability from this decision will not issue.

IV. CONCLUSION

Accordingly, the Court ORDERS the following:

1. Petitioner's application to proceed as a pauper (Docket Entry No.3) is DENIED.

2. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

3. This cause of action is DISMISSED with prejudice.

4. A certificate of appealability is DENIED.

Signed at Houston, Texas, this 7th day of June, 2005.

                                        MELINDA HARMON
                                  UNITED STATES DISTRICT JUDGE